Johst F. Bkaheh, 8.
The residuary legatee has petitioned for the court’s approval of a compromise of the probate proceeding in this estate. No one with a beneficial interest in the estate has filed any objections. Acting as Ms own attorney, proponent, the named executor and trustee in the will, has been granted letters as preliminary executor, and is the only person who opposes the proposed compromise.
It is well-settled law that the proposed executor has no interest in an estate with respect to any compromise made among all parties beneficially interested in the estate. (Matter of Rainey, 255 N. Y. S. 2d 459; Matter of Cherkoff, 9 A D 2d 557; Matter *896 of Schlussel [Cent. Hanover Bank and Trust Co.], 195 Misc. 1008, 1011-1016.) In the instant proceeding the court directed that a citation issue to the proponent. He has filed papers in objection to the proposed compromise. The only possible standing he can have before the court in this proceeding is to make the contention that the Attorney-General, who, subject to court approval, has the power and right to enter into or sanction a compromise of the rights of charitable beneficiaries, may have abused that power and discretion.
The will submitted for probate has the following paragraph: “ Sixth: I give, devise and bequeath to my executor and trustee, hereinafter named, the sum of Twenty-five thousand & 00/100 ($25,000.00) Dollars, in trust nevertheless, for the following uses and purposes: to manage, invest and reinvest said amount, and to receive the rents, issues, profits and income therefrom derived, and within four years after my death, to pay over ¿nd distribute the principal and income of this trust for the education of people of the Negro race. The manner and method of the expenditure and distribution of this fund shall be entirely in the discretion of my executor and trustee.”
It is proposed in the stipulation of compromise, which aecom-_ panies the petition, to relinquish from the bequest of $25,000 in said paragraph “ Sixth ” to unspecified and indefinite charitable beneficiaries, the sum of $10,000, which sum would be used as part of the moneys to be paid to the contestant in order to effectuate the compromise. The nominated executor claims, first, that the Attorney-General does not have authority to compromise, and secondly, that even if he does have such authority, the amount to be taken from the charitable beneficaries mentioned in paragraph “ Sixth ” is so large as to constitute an abuse of discretion on the part of the Attorney-General.
The court cannot ask the Attorney-General to reveal evidence which he would not want used against his charities’ interests at a trial. If he were to possess information which would weaken the proponent’s case and were forced to reveal it fully at the present time, and if the court did not approve the compromise, then the contestant would be in a much better position to prevail at a trial. Therefore, much of the reasoning of the Attorney-General behind his decision to enter into the compromise probably must be unpublished by him at the present time. However, from the discussions which the court held in an effort to settle this case, and from the records on file in the Surrogate’s Clerk’s office, the court has been able to ascertain to its own satisfaction some of the reasons why the Attorney-General is willing to compromise this contest. If the contestant succeeds *897 and the will is defeated, then the next will which would be offered for probate is one dated May 7, 1967. This is a will drawn only 20 days before the will presently before the court for probate. The May 7 will does not contain a clause similar to paragraph ‘ ‘ Sixth ’ ’ in the May 27 will, and thus the charitable beneficiaries under that paragraph of the May 27 will, would receive nothing under the May 7 will. Another interesting aspect of the May 7 will is that the nominated executor under the May 27 will is also nominated as one of the executors of the May 7 will. In addition, the said nominated executor, Joseph F. Haher, in the May 7 will is given one half of the residuary estate. Another fact which came to the attention of the court was that the testator, not long after the execution of the will, was confined to a State mental institution.
There have been a number of examinations before trial, both in the probate proceeding and in an action between the parties in the Supreme Court, Rockland County. The Attorney-General, of course, has had an opportunity to read those examinations and presumably has been able to reach conclusions from them concerning the ability of the proponent to prove the will before a court and jury.
The court finds nothing in the record to indicate that the Attorney-General has not given careful consideration to Ms decision with relation to this compromise. There is no reason to believe that Ms decision is based on anything other than solid legal judgment and a full consideration of all the facts and circumstances available. It appears to the court from an examination of all the proceedings available to it, that the final outcome of this will contest is in doubt. The court believes it proper to try to compromise cases and avoid litigation, and the court finds that the Attorney-General is acting in good faith in entering into the compromise agreement.
The court therefore holds that the objections of the preliminary executor and nominated executor and trustee to the proposed settlement should be overruled. The court further holds that the Attorney-General has the right and power to enter into a compromise on behalf of the ultimate, unspecified and indefinite charitable beneficiaries who might be benefited under paragraph “ Sixth ”, as well as other charities mentioned in the decedent’s will offered for probate. The court further finds the criteria usually required for approval of a compromise have been shown here, that is, that there is a real dispute, that there is doubt as to the eventual result and that the compromise is in fact a compromise and not a gift, and it is therefore held that the agreement of compromise should be approved.